Gabriel Silva v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-425-CR

NO. 2-02-426-CR

GABRIEL SILVA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Gabriel Silva of aggravated robbery, charged in two separate indictments, and the court sentenced Appellant to thirty-five years’ confinement in the Institutional Division of the Texas Department of Criminal Justice for each offense.  On appeal, Appellant challenges the factual sufficiency of the evidence in each case.  Because we hold that the evidence is factually sufficient to support the jury’s verdict, we affirm the judgment of the trial court.

Appellant was arrested and convicted of aggravated robbery committed at KMart.  On the day of the offense, a KMart employee observed Appellant placing DVDs in his pants.  The employee also observed a woman putting DVDs in a shopping cart containing a diaper bag.  The woman and Appellant were seen in the store together, although no one ever saw, nor does the store security videotape reveal, any exchange of DVDs or a diaper bag from the woman to Appellant.  Appellant left the store by himself, but apparently he was carrying a diaper bag.  The KMart videotape shows that the woman later left, also carrying what appeared to be a diaper bag.  When Appellant left the store, two employees followed him out into the parking lot and got into an altercation with him.  Appellant stabbed both employees.  

Appellant was later found by police in a wooded area close to the KMart.  He did not have any DVDs or any weapons in his possession at that time.  The police did find two DVDs and a diaper bag containing DVDs close to the woods where Appellant was found.  Latent fingerprints taken from the diaper bag and the DVDs were compared to Appellant’s fingerprints.  Appellant’s prints were found on two DVDs.  Appellant now argues that there was factually insufficient evidence to show that he committed assault while in the course of committing theft.

A person commits the offense of robbery if, “in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:  (1) intentionally, knowingly, or recklessly causes bodily injury to another.”
(footnote: 2)  Appellant argues that the evidence is factually insufficient to establish that any bodily injury by the Appellant to either complainant was caused in the course of committing theft. 
 
As the State correctly points out, “[i]n the course of committing theft” means conduct that occurs “in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft.”
(footnote: 3)  Appellant argues that because the evidence is unclear that Appellant acquired the diaper bag while inside the KMart store, the evidence is factually insufficient to show that Appellant inflicted the injuries on the employees in the parking lot in the course of committing theft.

The loss prevention officer for KMart testified that he saw Appellant place the DVDs in his pants.  Appellant fled across the parking lot with the diaper bag.  Appellant was found in the woods, soaked with blood.  The diaper bag was located at the edge of the woods.  It was lined with aluminum foil, which witnesses testified is used to defeat theft sensors.  The aluminum foil contained Appellant’s fingerprints.  The diaper bag contained DVDs.  The DVDs, with the theft sensors still attached, had blood and Appellant’s fingerprints on them. Finally, Detective Nutt testified that Appellant told him that he went to KMart that day specifically to steal DVDs.

Applying the appropriate standard of review,
(footnote: 4) we hold that the evidence is factually sufficient to support Appellant’s conviction.  We overrule his sole point on appeal and affirm the judgment of the trial court.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT and HOLMAN, JJ.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 29, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Tex. Penal Code Ann.
 § 29.02(a)(1) (Vernon 2003).

3:
Id
.
 § 29.01(1).

4:
See Sims v. State
, 99 S.W.3d 600, 601 (Tex. Crim. App. 2003); 
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).